**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Maurice Johnson, | : | Case No.  4:07CV3485 |
| | : | |
| Petitioner | : | Judge Patricia A. Gaughan |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| David Bobby, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his April 21, 2005 conviction pursuant to a jury trial of one count of aggravated robbery, upon which he was sentenced to six years incarceration, and of the firearm specification with that count upon which he was sentenced to an actual term of incarceration of three mandatory years; of one count of aggravated burglary, upon which he was sentenced to six years incarceration;  and of one count of having a weapon while under a disability, upon which he was sentenced to three years incarceration.  The sentences upon the aggravated robbery and aggravated burglary convictions were to be served consecutively, the sentence for having had a weapon while under a disability to be served concurrently with the sentences on the prior counts, the three year mandatory sentence was to be served consecutively with the sentences for aggravated robbery and aggravated burglary, with the firearm specifications having been merged for purposes of sentencing, for a total of fifteen years incarceration.

On May 15, 2005 the petitioner, acting through new counsel, appealed his convictions to the Ohio Ninth District Court of Appeals, alleging the following nine assignments of error:

I. Trial court erred and denied defendant's constitutional rights to due process when it did not suppress the identification made pursuant to the unconstitutionally suggestive photo array.

II. The trial court erred when it failed to renew defendant's motions, specifically defendant's motion to suppress identification based upon facts developed at trial.

III. The trial court abused its discretion when it failed to instruct the jury concerning eyewitness testimony concerning defendant Johnson and thus denied defendant due process.

IV. The trial court abused its discretion when it failed to provide a jury instruction concerning the admissibility of 404(B) testimony and in doing so denied defendant a fair trial and constitutionally guaranteed due process.

V. The trial court denied defendant due process and a fair trial when it allowed testimony of defendant's prior convictions despite defendant's stipulation.

VI. The trial court erred when it allowed Officer Schismenos to testify as an expert without conducting a hearing outside the presence of the jury to establish a foundation.

VII. The trial court denied Appellant Johnson his constitutional right of association when it allowed Officer Schismenos to testify about his gang affiliation.

VIII. The trial court erred when it took judicial notice of climatological information over Appellant's objection and without hearing outside of the presence of the jury.

IX. The trial court abused its discretion when it denied Appellant's request for a suppression hearing on statements and expert testimony.

The facts in petitioner's case were summarized by the state appellate court in pertinent part as follows:

> Gloria Williams testified that she was awakened in her bedroom in the early morning hours by a man wearing a mask and holding a gun. The man ordered her into the second-floor hallway of her Akron home. Upon entering the hallway, Ms. Williams saw a second man holding a gun to her son Justin William's head. The men demanded that Mr. Williams give them his jewelry, including his watch and diamond earrings. The men also forced Ms. Williams' daughter into the hallway during the invasion. After the men threatened to kill his sister and mother, Mr. Williams gave them his jewelry.
>
> Ms. Williams testified that as the men were leaving, one of their masks fell and she clearly saw the intruder's face. Ms. Williams further testified that she was face-to-face with that intruder prior to him leaving and that she would never forget his eyes. Mr. Williams testified that during the invasion that same intruder's mask fell twice, and Mr. Williams recognized the man as a person nicknamed Caous.
>
> As a result of this information being provided to the police, officers were able to correspond with the local gang unit which determined that Appellant fit the description given by both Ms. Williams and her son. Additionally, the gang unit identified another individual who used the gang name Caous. Accordingly, the police put together two photo arrays, each centered around one of the gang members named Caous. Ms. Williams did not choose any individual from the first array, but immediately chose Appellant from the second array. Mr. Williams also identified Appellant immediately when presented with the photo array.
>
> As a result, Appellant was indicted as noted above and the matter proceeded to a jury trial after Appellant's unsuccessful attempts to suppress Ms. Williams' identification of him. During his first trial, the jury was unable to reach a verdict and a mistrial was declared. Following retrial, Appellant was convicted of aggravated robbery and aggravated burglary, each with a firearm specification...

On March 22, 2006 the state appellate court affirmed the judgment of the trial court.[1]

On May 8, 2006 petitioner appealed the state appellate court ruling to the Ohio Supreme Court alleging the following five propositions of law:

> **Proposition of Law No. I:** The appellate court erred in affirming the trial court's denial of the Appellant's Motion to Suppress a photo array identification which was unconstitutionally suggestive.
>
> **Proposition of Law No. II:** The appellate court erred in not finding that the trial court improperly failed to provide a jury instruction on the issue of eyewitness identification and "other crimes, wrongs, or acts" evidence pursuant to Evid.R. 404(B).
>
> **Proposition of Law No. III:** The appellate court erred in finding the trail court did not err in permitting the testimony of the Appellant's prior convictions even though the Appellant stipulated to the convictions.
>
> **Proposition of Law No. IV:** The appellate court erred in affirming the trial court's permitting the testimony of a law enforcement officer as a "gang expert" without establishing that he truly [was] a "gang" expert, as well as the testimony regarding the Appellant's alleged gang activity.
>
> **Proposition of Law No. V:** The appellate court erred in affirming the trial court's judicial notice of climate information without a hearing outside the presence of the jury.  Furthermore, the Appellee presented false information as to the time of sunrise at the time the criminal offense occurred.

On August 2, 2006 the state supreme court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  Petitioner did not appeal this decision to the United States Supreme Court.

On November 8, 2007 the petitioner filed the instant petition, in which he raises the following seven claims for relief:

---

[1] Respondent's statement at page 5 of the return of writ that the date of the appellate court decision was March 22, 200**7**, was clearly a typographical error.

A. **GROUND ONE:** Petitioner was denied his constitutional right to due process when trial court erred an[d] did not suppress the identification made pursuant to the unconstitutionally suggestive photo array.

B. **GROUND TWO:** The trial court abused its discretion when it failed to instruct the jury concerning eyewitness testimony concerning petitioner Johnson and thus denied petitioner's constitutional right to due process.

C. **GROUND THREE:** The trial court abused its discretion when it failed to provide a jury instruction concerning the admissibility of 404(B) testimony and in doing so denied petitioner a fair trial and constitutionally guaranteed due process.

D. **GROUND FOUR:** The trial court denied the petitioner due process and a fair trial when it allowed testimony of petitioner's prior convictions despite petitioner counsel's stipulations.

E. **GROUND FIVE:** The trial court erred when it allowed Officer Schismenos to testify as an expert without conducting a hearing outside the presence of the jury to establish a foundation.

F. **GROUND SIX:** The trial court denied petitioner his constitutional right of association when it allowed Officer Schismenos to testify about his gang affiliation.

G. **GROUND SEVEN:** The trial court erred when it took judicial notice of climatological information over petitioner's objection and without hearing outside of the presence of the jury.

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date.  Lindh v. Murphy, 521 U.S. 320 (1997).[2]

At the outset the respondent argues that the petitioner's second, third, fourth, fifth and sixth claims for relief have been procedurally defaulted.

---

[2]There are no issues of untimeliness in this case.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he/she may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Under the exhaustion doctrine a petitioner must "fairly present" each federal constitutional claim to the state courts before seeking relief in federal court. Baldwin v. Reese, 541 U.S. 27 (2004); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995). In so doing, state courts are afforded "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.3d 322, 326 (6th Cir. 1987), cert. denied, 532 U.S. 958 (2001). Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004). It is not enough to present the facts giving rise to the federal claim raised in habeas corpus; a petitioner must present the same legal theory to the state courts as is presented to the federal courts in order to preserve the claim. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). Even if a claim is related, but distinct, the claim is nonetheless defaulted. Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

In addition, merely "mak[ing] a general appeal to a constitutional guarantee as broad as due

6

process to present the 'substance' of such a claim to a state court[,]" does not sufficiently apprise the state court of a specific federal constitutional guarantee so as to exhaust the claim. Gray v. Netherland, 518 U.S. 152, 162-63 (1996), citing Picard v. Connor, 404 U.S. 270, 271 (1971) and Anderson v. Harless, 459 U.S. 4, 7 (1982). For example, use of the term "ineffective assistance" also fails to alert the state courts of the federal nature of a claim. Baldwin v. Reese, supra.

Where a petitioner has failed to fairly present the factual and legal basis for a federal constitutional issue and where petitioner would be barred from pursuing relief on that claim in the state courts, the petition should not be dismissed for failure of exhaustion in light of the fact that there would be no available state remedies to exhaust. Hannah v. Conley, supra at 1195-96; Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). Under a longstanding Ohio procedural rule, a claim which could have been but was not raised on direct appeal would be barred from being raised in a delayed appeal or in a petition for post-conviction relief. See, Collins v. Perini, 594 F.2d 592, 593 (6th Cir. 1978). However, the petitioner must then demonstrate cause for failure to fairly present the claims to the state courts and actual prejudice to petitioner's defense at trial or on appeal. Gray v. Netherland, supra at 162; Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); Deitz v. Money, 391 F.3d 84, 808 (6th Cir. 2004).

The Sixth Circuit, in Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986), delineated a four-part test for determining whether a habeas petitioner's claim is procedurally defaulted by the failure to observe a state procedural rule. First, the district court must determine whether there exists a state procedural rule with which the petitioner failed to comply. Then the court must determine whether the state court enforced the sanction for failure to comply. If so, it must next be decided whether failure to comply with the state procedural rule constitutes an adequate and independent ground

7

for barring review of the federal constitutional claim.  If all these questions are answered in the affirmative, the petitioner must satisfy the requirements set forth in Wainwright v. Sykes, 433 U.S. 72, 138 (1977) that he demonstrate cause for having failed to follow the procedural rule in question and that he was actually prejudiced by the alleged constitutional error.  Greer v. Mitchell, 264 F.3d 663, 672-73 (6th Cir. 2001), cert. denied, 535 U.S. 940 (2002);  Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986).  Accord, Lancaster v. Adams, supra at 436.

In the present case the second through sixth claims for relief were raised by petitioner on direct appeal as well as on appeal to the state supreme court but, as the following rulings by the appellate court specify, there were no contemporaneous objections to these alleged errors raised by petitioner's counsel at trial:

> In his second and third assignments of error, Appellant alleges that the trial court erred in regard to the instructions it gave to the jury. This Court finds that Appellant has failed to preserve any alleged error.
>
> After giving the jury its instructions, the trial court inquired as follows:
>
>> The Court: "Now I would at this time inquire of counsel* * * if there were any instructions to the jury that have been given incorrectly or omitted.* * *On behalf of the defense?"
>>
>> Appellant's counsel: "No, Your Honor."
>
> As this Court has previously stated in *State v. Powers* (1995), 106 Ohio App.3d 696, 699:
>
>> "To preserve for appeal the issue of error in the instructions to the jury, an appellant must cite an objection to the instruction on the trial record. ***
>> A fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the

8

> trial court's attention. Thus a party has waived the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the court below." (Internal citations omitted).

Accordingly, Appellant has forfeited any alleged error the trial court committed when it instructed the jury. Appellant's third and fourth assignment of error are overruled.

\* \* \*

In his fifth assignment of error, Appellant contends that the trial court erred when it permitted the State to introduce evidence of his prior convictions, despite his stipulation to those convictions. This Court disagrees.

We recognize that there are occasions in which the introduction of a defendant's prior convictions after refusing his stipulation may be an abuse of discretion. See *Old Chief v. United States* (1997), 519 U.S. 172. However, this Court has consistently held that "the failure to object to the admission or exclusion of evidence waives any claim of error on appeal." *State v. Taylor,* 9th Dist. No. 01CA007945, 2002-Ohio-6992, at ¶ 51. Moreover, failure to object to the admission of evidence at trial waives any claim of error absent plain error. *Taylor* at ¶ 62.

During its case in chief, the State introduced Appellant's prior convictions, informing the jury of the offenses Appellant had committed. At that time, Appellant indicated that he would stipulate to the convictions. At no time, however, did Appellant object to the State's introduction of his prior convictions. Accordingly, Appellant has waived all but plain error in the admission of his convictions. As appellant has not asserted that the trial court committed plain error, this Court will not undertake such a review. Accordingly, Appellant's fifth assignment of error is overruled.

\* \* \*

In his sixth and seventh assignments of error, Appellant contends that his trial court erred when it permitted Officer Schismenos to testify regarding Appellant's gang affiliation. This Court disagrees.

9

> A review of the record indicates that Appellant did not challenge Officer Schismenos' qualifications when he testified, nor did he raise his constitutional right to association in the trial court. Accordingly, on appeal Appellant may not premise error on either of these grounds. See *Power,* supra, at 699.

Applying the four-part analysis to the foregoing, the petitioner failed to comply with Ohio's contemporaneous objection rule[3] and no plain error was found. Ohio courts enforce the contemporaneous objection rule and to the extent that the state appellate court did so, that was an adequate and independent ground on which the court could rely to preclude merits consideration of these claims. Consequently, petitioner is required to show cause for the procedural error and actual prejudice to his case, which he has not done and, therefore, petitioner's second through sixth claims for relief are subject to dismissal.[4]

Procedural default aside, petitioner's first claim for relief, that portion of his fifth and sixth claims for relief where he challenges the introduction of evidence of his gang membership, as well as his seventh claim for relief, all fail upon merits review.

The role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

---

[3]That rule can be found in State v. Campbell, 69 Ohio St.3d 38, 630 N.E.2d 339 (1994).

[4]On direct appeal, the appellate court opined that within the assignments of error challenging the testimony of Officer Schismenos, represented herein by petitioner's fifth and sixth claims for relief, there was a sub-issue, the merits of which were addressed by that court, being whether the introduction into evidence of petitioner's gang membership was more prejudicial than probative, which the court answered in the negative. As that sub-issue was addressed on the merits, this Court will also review the merits of that sub-issue herein.

>  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings.  Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000).  A state court adjudication is deemed as being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court]." A state court adjudication is deemed as involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court...as of the time of the relevant state-court decision;" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520.   In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The Sixth Circuit Court of Appeals has interpreted the foregoing as holding that even if a federal habeas corpus court determines that a state court incorrectly applied federal law it may not grant relief in habeas corpus unless it finds that the state court ruling was also unreasonable.

11

Simpson v. Jones, 238 F.3d 399, 405 (6th Cir. 2000), citing Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000), cert. denied, 121 S.Ct. 808 (2001).

In his first claim for relief petitioner challenges as unconstitutional the pretrial photo identification procedure which led to his arrest.

The constitution requires that a pretrial identification procedure not be so suggestive that it is likely to lead to irreparable mistaken identification. Manson v. Brathwaite, 432 U.S. 98 (1977). "[A]n identification violates a defendant's right to due process where the identification procedure was so unnecessarily suggestive as to run the risk of irreparable mistaken identification." Howard v. Boucher, 405 F.3d 459, 470 (6th Cir. 2005), citing Neil v. Biggers, 409 U.S. 188 (1972); Stovall v. Denno, 388 U.S. 293, 301-02 (1967)); see also United States v. Sullivan, 431 F.3d 976, 984 (6th Cir. 2005). A pretrial identification procedure that does not meet that standard is subject to exclusion at trial. United States v. Hill, 967 F.2d 226, 230 (6th Cir. 1992).

The claim is to be analyzed in two parts, being (1) whether the identification was unnecessarily suggestive; and if so, (2) whether the identification was nonetheless reliable under the totality of the circumstances. United States v. Sullivan, supra at 985. In assessing whether the identification was nonetheless reliable under the totality of the circumstances, the following factors can be implemented: (1) the witness's opportunity to view the criminal; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty the witness felt about the identification; and, (5) the time lapse between the crime and the identification. Ibid. Those factors have been consistently applied in the Sixth Circuit. See Ledbetter v. Edwards,184 F.3d 550 (6th Cir. 1999); United States v. Hamilton, 684 F.2d 380 (6th Cir. 1982). "If an identification is reliable, it will be admissible even if the confrontation was suggestive." Howard v. Boucher, supra at 469. "An earlier failure to identify, or even a positive identification

12

of a different suspect, does not require exclusion of an in-court or pretrial identification, if otherwise reliable." Id. at 484.

It is petitioner's burden to establish unconstitutional suggestiveness, United States v. Hill, supra at 230, by focusing on the circumstances of the pretrial identification as opposed to the intent of law enforcement, Howard v. Boucher, supra at 470, citing Thigpen v. Cory, 804 F.2d 893, 895 (6th Cir. 1986).

The state appellate court rejected petitioner's claims of error pertaining to the pretrial photo identification procedure, finding in pertinent part:

> Ohio has adopted the United States Supreme Court's two-part analysis for assessing a photo array: (1) whether the identification was unnecessarily suggestive of the suspect's guilt, and (2) whether the identification was ultimately unreliable under the circumstances. See *State v. Waddy* (1992), 62 Ohio St.3d 424, 438-39. The United States Supreme Court has set forth a standard of review:
>
>> "[C]onvictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Simmons v. United States* (1968), 390 U.S. 377, 384.
>
> The Court offered the following rationale for such a high threshold:
>
>> "The danger that use of the technique may result in convictions based on misidentification may be substantially lessened by a course of cross-examination at trial which exposes to the jury the method's potential for error." Id.
>
> In addition, the Ohio Supreme Court has provided the factors this Court must examine to determine the reliability of the identification.
>
>> "In order to determine the reliability of the

13

> identification, we must consider (1) the witness's opportunity to view the defendant at the time of the incident, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description, (4) the witness's certainty when identifying the suspect at the time of the confrontation, and (5) the length of time elapsed between the crime and the identification." (Citations omitted.) *State v. Davis* (1996), 76 Ohio St.3d 107, 113.
>
> Appellant asserts that the array was unduly suggestive because he was the only light-skinned African American in the array and Ms. Williams had described him as light-skinned. However, Appellant ignores the testimony given by Ms. Williams. Ms. Williams testified that she concentrated on the eyes of the persons in the array, and there is no indication that skin color ever played into her decision-making process. In fact, when shown a previous array that did not contain Appellant, Ms. Williams did not choose any of the six individuals pictured. Additionally, the other individuals in the array contained the same characteristics i.e., each person in the array had braids and facial hair, features identified by Ms. Williams, her son, and her daughter.
>
> We also find that under the totality of the circumstances Ms. Williams' identification was reliable. Ms. Williams testified unequivocally that she clearly saw the intruder's face when his mask fell as he was walking down her stairs. Her immediate description of the intruder matched Appellant's description. Further, she was definite in her identification. When Detective McFarland inadvertently instructed her to sign the wrong number on the photo array, she corrected him, asserting again that she was certain that Appellant was the man who entered her house. Finally, Ms. Williams identified Appellant's photo the day following the crime. Accordingly, under the totality of the circumstances, Ms. Williams' identification was reliable. *Davis*, 76 Ohio St.3d at 113. The trial court, therefore, properly denied Appellant's motion to suppress. Appellant's first assignment of error is overruled.

This Court is of the opinion that viewing the totality of the circumstances, and after applying the factors outlined by the United States Supreme Court, as adopted by the Ohio Supreme Court, the finding of the state court that petitioner's identification process was not unduly

14

suggestive and was reliable was neither contrary to nor did it involve and unreasonable application of federal law. It therefore follows that petitioner's first claim for relief must fail.

As stated previously herein, as a sub-issue of petitioner's fifth and sixth claims for relief he challenges as unconstitutional the introduction into evidence of petitioner's gang membership. Petitioner's seventh claim for relief also challenges an evidentiary ruling, the decision to take judicial notice of a report generated by the United States Naval Observatory, made by the trial court and affirmed on appeal.

To be entitled to relief in federal habeas corpus a petitioner must establish that there has been infringement of a right guaranteed under the United States Constitution. Clemmons v. Sowders, 34 F.3d 352, 357 (6th Cir. 1994). As a general rule, an error in the admissibility of evidence does not constitute such a denial, as such errors are matters of state law not cognizable in habeas corpus. Byrd v. Collins, 209 F.3d 486, 528 (6th Cir. 2000), cert. denied, 531 U.S. 1082 (2001). Stated differently, "[e]rrors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." Roe v. Baker, 316 F.3d 557, 567 (6th Cir. 2002). Under the AEDPA the states have wide latitude in ruling on evidentiary matters. Seymour v. Walker, 224 F.3d 542 (6th Cir. 2000), cert. denied, 532 U.S. 989 (2001). In considering petitioner's habeas corpus petition, a federal court may not grant such petition merely because it disagrees with the evidentiary rulings of the state courts, but may only grant relief if the state court's evidentiary rulings were contrary to rulings of the United State Supreme Court on a similar question of law or if the state courts decided the evidentiary issues differently than the Supreme Court in a case with materially indistinguishable facts. Sanders v. Freeman, 221 F.3d 846 (6th Cir. 2000).

The United States Supreme Court has held that in order for the exclusion of evidence to be

15

deemed unconstitutional, such exclusion must have "significantly undermined fundamental elements of the accused's defense." United State v. Scheffer, 523 U.S. 303, 315 (1998). The Sixth Circuit Court of Appeals upheld the denial of a petition for writ of habeas corpus premised upon an allegation of unconstitutional exclusion of evidence and opined that the foregoing ruling by the Supreme Court should not be read to mean that a petitioner's constitutional rights are violated whenever a state court has excluded evidence believed by petitioner to have been at the heart of the defense, but rather stands for the proposition that such constitutional rights are violated "when a state court excludes important evidence on the basis of an arbitrary, mechanistic, or per se rule, or one that is disproportionate to the purposes it is designed to serve." Alley v. Bell, 307 F.3d 380, 393 (6th Cir. 2002). Where a state court makes an individual assessment as to the evidence and makes a ruling which complies with the foregoing, such as the state court did in Alley v. Bell, id. at 396, then the writ will not be granted.

In the present case the state appellate court rejected petitioner's challenges to the admissibility of the testimony of Officer Schismenos regarding petitioner's gang affiliation, holding in pertinent part:

> Within these assigned errors, however, Appellant also asserts that the introduction of his gang membership was more prejudicial than probative. We disagree.
>
> As noted above, the trial court has discretion to determine whether evidence is relevant, and whether relevant evidence should be excluded, and this Court will only reverse the trial court's determination upon a finding of an abuse of discretion. S*age*, 31 Ohio St.3d at paragraph two of the syllabus; *Hymore*, 9 Ohio St.2d at 128. In the instant matter, this Court cannot say that the trial court abused its discretion.
>
> Following Appellant's motion in limine, the trial court ruled that no evidence of gang-related activity would be introduced at trial, but permitted the State to introduce evidence of Appellant's gang

16

> membership for the purposes of identification. During his testimony, Officer Schismenos referenced Appellant's gang membership in order to explain the course of his investigation. Officer Schismenos was informed that Mr. Williams had recognized the man who invaded his home and knew him by the name Caous. Officers then sought information from the local gang unit on possible suspects who had the nickname Caous. During that investigation, officers learned that a member of the Akron Wages, Appellant, went by the nickname Caous. Officer Schismenos testified that the tattoos seen on Appellant corresponded to a local gang, the Akron Wages, thus corroborating the information he had received from the gang unit. Further, since Mr. Williams' identification stemmed from his recognition of Appellant as a gang member, Officer Schismenos' testimony served to buttress Mr. Williams' identification.
>
> At no time did Officer Schismenos testify or infer that Appellant had committed criminal activity related to his gang membership. Accordingly, the trial court did not abuse its discretion in permitting limited testimony regarding Appellant's gang membership. Appellant's seventh assignment of error is overruled.

The foregoing rulings of the state appellate court are premised entirely on application of state law, as well as on factual determinations entitled to a presumption of correctness which can only be rebutted by clear and convincing evidence. Warren v. Smith, 161 F.3d 358, 360-61 (6th Cir. 1998); McQueen v. Scroggy, 99 F.3d 1302, 1310 (6th Cir. 1996). Nothing in those rulings was contrary to rulings of the United States Supreme Court on a similar question of law, nor did the state courts decide the evidentiary issues differently than the Supreme Court in a case with materially indistinguishable facts. That is particularly true in light of the fact that the testimony regarding petitioner's gang membership was limited to use for identification purposes. Consequently, there is nothing in those rulings which would lead this Court to find that there has been an infringement of a right guaranteed by the United States Constitution. Petitioner's fifth and sixth claims for relief, therefore, are without merit.

In his seventh claim for relief petitioner challenges the trial court's decision to take judicial

notice of a report generated by the United States Naval Observatory that recorded the time of sunrise on the day of the offenses at 5:58 a.m.

A court may take judicial notice of a fact which is not subject to reasonable dispute in light of its having been general knowledge within the surrounding area or capable of being corroborated by resources the accuracy of which cannot be reasonably challenged. Rule 201(b) of the Federal Rules of Evidence. In the context of a habeas corpus case, this matter is analyzed as an error in the admissibility of evidence and the legal authorities set forth in the discussion of petitioner's fifth and sixth claims for relief apply equally as well to this claim.

As was stated previously herein, this Court may not grant the instant petition merely because it disagrees with the evidentiary rulings of the state courts, but may only grant relief if those rulings were contrary to rulings of the United States Supreme Court on a similar question of law or if the state courts decided the evidentiary issues differently than the Supreme Court in a case with materially indistinguishable facts. Sanders v. Freeman, supra at 846.

In the present case the state appellate court rejected petitioner's challenges to the trial court's having taken judicial notice of a report generated by the United States Naval Observatory, holding in pertinent part:

> A court may take judicial notice of a fact not subject to reasonable dispute that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonabl[y] be questioned." Evid.R. 201(B). The court may do so at any time during the proceeding. Evid.R. 201(F). "[P]ursuant to Evid.R. 201(C), it is clearly within the trial court's discretion to take judicial notice." *Molitor v. Gaddis* (Aug. 25, 1999), 5th Dist.No. CA875, at *2.
>
> During trial, Appellant did not assert that the report generated by the U.S. Naval Observatory was inaccurate or unreliable. Each individual who testified indicated that light entered the home through windows on the second floor. It is undisputed that officers responded to a 911 call from the Williams' residence at 5:50 a.m. The report

> relied upon by the trial court indicated that the sun rose on the day in question at 5:58 a.m. From this evidence, the jury could draw its own conclusions as to the reliability of the eyewitness identification of Appellant. Further, in his brief, Appellant has not asserted how the trial court's decision to take judicial notice of the time that the sun rose on May 28, 2004, prejudiced his defense. Throughout trial, Appellant denied his participation in the crimes charged and attacked the validity of the eyewitnesses' identifications. The fact that the trial court took judicial notice that the sun rose after the incident occurred may have served to bolster Appellant's assertions that the jury should not rely on Ms. Williams' identification. Accordingly, this Court cannot say that the trial court abused its discretion by taking judicial notice of the report generated by the U.S. Naval Observatory. Appellant's eighth assignment of error is overruled.

The foregoing ruling of the state appellate court is premised entirely on application of state law, as well as on factual determinations entitled to a presumption of correctness which can only be rebutted by clear and convincing evidence. Warren v. Smith, supra at 360-61; McQueen v. Scroggy, supra at 1310. Nothing in those rulings was contrary to rulings of the United States Supreme Court on a similar question of law, nor did the state courts decide the evidentiary issues differently than the Supreme Court in a case with materially indistinguishable facts. In fact, as the appellate court noted, the trial court took judicial notice of a fact which could just as easily be deemed as supportive of petitioner's defense, which precluded a finding of prejudice. Consequently, there is nothing in those rulings which would lead this Court to find that there has been an infringement of a right guaranteed by the United States Constitution. Petitioner's seventh claim for relief, therefore, is without merit.

In light of all the foregoing, it is recommended that the petition be dismissed without further proceedings.

s/DAVID S. PERELMAN

19

United States Magistrate Judge

DATE:    July 30, 2008

**OBJECTIONS**

   Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).